HON. MAXWELL E. CHARAT Corporation Counsel, New Rochelle
This is in response to your letter of September 26, 1977 wherein you ask for an opinion of the Attorney General whether or not unanimous consent of the Council of the City of New Rochelle is obtained by the affirmative vote of those members of Council present at a duly called meeting or is unanimous consent obtained by affirmative vote of all five members of the Council.
The Charter of the City of New Rochelle, § 15, provides as follows:
 "An ordinance shall not be voted upon at the same meeting at which it is introduced unless all the members of the Council consent that such vote be taken."
General Construction Law, § 41, provides:
 "Whenever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, a majority of the whole number of such persons or officers, at a meeting duly held at a time fixed by law, or by any by-law duly adopted by such board or body, or at any duly adjourned meeting of such meeting, or at any meeting duly held upon reasonable notice to all of them, shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty. For the purpose of this provision the words `whole number' shall be construed to mean the total number which the board, commission, body or other group of persons or officers would have were there no vacancies and were none of the persons or officers disqualified from acting." (Emphasis supplied.)
In Matter of Smithtown v Howell, 31 N.Y.2d 365, 376 (1971), Judge Breitel commented on the application of General Construction Law, § 41, as follows:
 "Under the common-law rule a majority of a body constituted a quorum, and if there were a quorum a vote of a majority of those present was sufficient for valid action (e.g., Morris v. Cashmore, 253 App. Div. 657, 659, affd. 278 N.Y. 730; Ann., Municipal Council — Majority Vote, 43 ALR 2d 698, 702). There was another common-law rule, however, that where a statute conferred power to act on several persons, all must be present before the power could be exercised (Johnson
v. Dodd, 56 N.Y. 76, 79; Morris v. Cashmore,
253 App. Div., at p. 661).
 "Section 41 of the General Construction Law was designed to abrogate the common-law rule requiring the presence of the whole body to act. It provides: `Whenever three or more public officers are given any power or authority * * * a majority of the whole number of such persons or officers * * * shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty. For the purpose of this provision the words "whole number" shall be construed to mean the total number which the board, commission, body or other group of persons or officers would have were there no vacancies and were none of the persons or officers disqualified from acting.' This section has been held applicable to local bodies, and has been interpreted as defining legislative policy where public bodies are required to act by two-thirds or three-fourths majorities (Savatgy v. City of Kingston, 20 N.Y.2d 258, 263)."
From all of the foregoing, we conclude that under the provision of the Charter of the City of New Rochelle, § 15, an ordinance may not be voted upon at the same meeting at which it is introduced unless all five members of the Council, comprising the total number the Council would have were there no vacancies and were none of the persons disqualified from acting, consent that such vote be taken.